JAMES GARAVEL *v.* LIQUOR CONTROL COMMISSION

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued June 7—decided August 9, 1949.

*William Hanna,* for the appellant (plaintiff).

*Pasquale Vioni,* assistant attorney general, with whom, on the brief, was *William L. Hadden,* attorney general, for the appellee (defendant).

DICKENSON, J.  This is an appeal from the judgment of the Court of Common Pleas dismissing the plaintiff's appeal from the denial by the liquor control commission of his application for a package store liquor permit.  The main issue raised is whether the commission could deny the permit in view of the fact that previous to 1942 similar permits for the same premises had been issued for several years.

The facts are as follows: The premises in question are located at 41 New Street in the center of Danbury. The plaintiff's daughter has held a package beer permit therein since 1942 and prior thereto held a package liquor permit for four years, at which times the premises were found to be a suitable location.  The application upon which the appeal is based set forth a change in ownership and seeks a change in type from a package beer permit to a package all-liquor permit.  The plaintiff's wife owns the building and his daughter proposes to turn the business over to him.  Hearings were held on the application and it was denied by the commission on the following grounds: "Unsuitability of Place Because 1. the number of like permits in the immediate neighborhood is such that the granting of this permit would be detrimental to public interest; 2. of the proximity to a church 150 feet away; 3. the

premises for which the permit is requested are not suitable for a package store."

The city of Danbury enacted a zoning ordinance in 1937 which is still in force and under the terms of which no new liquor outlet is permitted within 1000 feet of an existing outlet or within 200 feet of a church; but the transfer of one type of permit to another type, for the sale of beer or alcoholic liquor, is permitted. No variance of this ordinance has been allowed either by the zoning commission or by the board of appeals. No new liquor outlet has been established within 1000 feet of 41 New Street since the ordinance went into effect. Since then, there have been no changes in the structure of the premises, the location and number of structures within 1000 feet of it, or in the number or location of retail outlets within 1000 feet of it. The population of the city has not decreased and is about 30,000. There are 115 liquor permits in Danbury and, of these, 17 are package beer permits and 26 are package all-liquor permits. There are eight liquor outlets within 1000 feet of 41 New Street, and a church 150 feet from it. The premises consist of a one-story frame building four feet wide and twenty feet long.

The claims of law made by the plaintiff before the trial court and from the overruling of which he has appealed may be summarized as follows: The commission having previously found the premises suitable, it could not later find them unsuitable when no change in conditions was shown and there was no evidence of a detrimental effect upon the neighborhood. As the trial court points out in its memorandum of decision, the application was not for a renewal of an existing permit but was for a different type of permit. General Statutes, Sup. 1945, § 634h (Rev. 1949, § 4263), provides in part that the commission may refuse to grant a permit "if it has reasonable cause to believe (1) That the

proximity of the permit premises will have a detrimental effect upon any church . . . (3) that the nuber of permit premises in the locality is such that the granting of a permit is detrimental to public interest, and, in reaching a conclusion in this respect, the commission may consider the character of, the population of, the number of like permits and number of all permits existent in, the particular town and the immediate neighborhood concerned, the effect which a new permit may have on such town or neighborhood or on like permits existent in such town or neighborhood. . . ." The commission had broad powers in deciding whether an additional all-liquor permit should issue under the circumstances. The suitability of place presented a question of fact; *Newington* v. *Mazzoccoli*, 133 Conn. 146, 156, 48 A. 2d 729; and we cannot say that the trial court was in error in holding that the commission had not acted arbitrarily in finding the premises unsuitable for such a permit at this time. In fact, had it not been for the provision of the ordinance mentioned above permitting transfers, it could not have ruled otherwise. As we stated in *Biz* v. *Liquor Control Commission*, 133 Conn. 556, 562, 53 A. 2d 655, "It was contemplated by the legislature that the commission might draw the line somewhere [as to the proper number of outlets in a given locality], and we see nothing arbitrary or illegal in the ruling of the commission, supported as it is by the judgment of the trial court, that this was a point at which it might be drawn." See also *Divirgilio* v. *Liquor Control Commission*, 134 Conn. 143, 145, 55 A. 2d 865.

As to the plaintiff's claim that, having at one time issued all-liquor permits at this location, the commission had established the suitability of the place, it is a sufficient answer to quote from our recent decision in *Dadukian* v. *Zoning Board of Appeals*, 135 Conn.

706, 713, 68 A. 2d 123: "That the board should, after the passage of so many years, come to a different conclusion than did its predecessor carries no reasonable suspicion that it was actuated by improper influence nor suggests that its action would tend to 'uncertainty and impermanence.' " The trial court could well have held upon the evidence before it that the conduct of the commission was justified in denying the permit at this time.

There is no error.

In this opinion the other judges concurred.