FRANK GULIA *v.* LIQUOR CONTROL COMMISSION

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued March 6—decided March 21, 1973

*Anthony M. Guerrera,* for the appellant (plaintiff).

*Richard M. Sheridan,* assistant attorney general, with whom, on the brief, was *Robert K. Killian,* attorney general, for the appellee (defendant).

PER CURIAM. This was an appeal from a judgment of the Court of Common Pleas dismissing the plaintiff's appeal to that court from the decision of the defendant commission denying the plaintiff's application for a package store permit.

The commission stated as the reason for rejecting the plaintiff's application: "The Commission having considered the number of like permits in the immediate neighborhood, finds that the granting of the permit at this location would be detrimental to public interest."

Section 30-46 of the General Statutes has granted to the liquor control commission authority to refuse to grant permits for the sale of alcoholic liquor "if it has reasonable cause to believe . . . (3) that the number of permit premises in the locality is such that the granting of a permit is detrimental to public interest, and, in reaching a conclusion in this respect, the commission may consider the character of, the population of, the number of like permits and number of all permits existent in, the particular town and the immediate neighborhood concerned, the effect which a new permit may have on such town or neighborhood or on like permits existent in such town or neighborhood."

By this statute the General Assembly has vested in the liquor control commission the determination of factual matters; *Biz* v. *Liquor Control Commission*, 133 Conn. 556, 561, 53 A.2d 655; and a liberal discretion in determining the suitability of the location of proposed liquor-permit premises. *Aminti* v. *Liquor Control Commission*, 144 Conn. 550, 135 A.2d 595. As we have noted, "[t]he Liquor Control Act, of which § 30-46 is a part, 'contains the suggestion that harm from the sale of liquor, as it relates to place or person, is a matter of special knowledge

acquired, or to be acquired, by the liquor control commission.' *Biz* v. *Liquor Control Commission* . . . [supra, 560]." *Viola* v. *Liquor Control Commission,* 158 Conn. 359, 363, 260 A.2d 585.

The record on this appeal discloses no reason to reverse the decision of the defendant commission.

There is no error.