ANTONIO CAMPISI *v.* LIQUOR CONTROL COMMISSION
OF THE STATE OF CONNECTICUT

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and RUBINOW, Js.

Argued May 2—decision released June 13, 1978

*Thomas W. Fahey, Jr.,* with whom, on the brief, was *William C. Leary,* for the appellant (plaintiff).

*Timothy O. Fanning,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellee (defendant).

PER CURIAM. The defendant liquor control commission on July 11, 1975, denied the plaintiff's application for a package store liquor permit for premises located in Suffield on the ground of unsuitability of place by reason of the fact that no substantial change had taken place in the area since the previous denial on April 2, 1974. The plaintiff's appeal, taken to the Court of Common Pleas from the defendant's action, was dismissed and from that judgment the plaintiff appealed to this court.

On April 2, 1974, the commission denied, for unsuitability of place, the plaintiff's request for a similar permit for the same premises and in that case the plaintiff withdrew his appeal after filing it in the Court of Common Pleas.

On the present appeal, the plaintiff seeks to show. that a substantial change had taken place in the area since the commission's previous denial of his application on April 2, 1974, in which it found that the granting of the requested permit would be detrimental to the public interest. The plaintiff argues that "[t]he wealth of evidence produced at the second hearing established conclusively that many substantial changes occurred in the neighborhood since the first hearing and that the proposed premises was a suitable location for a package store." The plaintiff, however, cannot succeed in this claim since there was sufficient evidence, as shown in the record of the proceedings before the commission on the second application, to support its finding that no substantial change had taken place in the area since the previous denial.

The function of the court in reviewing the commission's denial of a permit for the premises is not to reach its own conclusions upon the subordinate facts but only to determine whether the conclusion of the commission on such facts is unreasonable or illogical. *Hoffman* v. *Kelly,* 138 Conn. 614, 617, 88 A.2d 382. Courts are bound by the findings of subordinate facts and reasonable conclusions of fact made by an administrative tribunal. The General Assembly, in defining an administrative body's duties, can ordinarily state only general rules for its guidance by defining certain ultimate facts which it must find to exist before taking the prescribed action. The character of, the population of, the number of like permits and number of all permits existent in, the particular town and the immediate neighborhood concerned, and the effect new permits may have on such locality are factual matters, properly left to the determination of the commission pur-

suant to General Statutes § 30-46 (a) (3), authorizing the commission to deny a permit if it has reasonable cause to believe that the number of permit premises in the particular locality is such that granting of an additional permit would be detrimental to the public interest. *Biz* v. *Liquor Control Commission,* 133 Conn. 556, 560–61, 53 A.2d 655. The General Assembly, by this statute, has vested a liberal discretion in the commission in determining the suitability of the location of proposed liquor-permit premises. *Gulia* v. *Liquor Control Commission,* 164 Conn. 537, 538, 325 A.2d 455. We cannot say that the conclusion of the commission is so unreasonable as to constitute an abuse of discretion.

There is no error.