[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a denial of the plaintiff's application for a liquor permit by the defendant State of Connecticut Liquor Control Commission ("Commission").
The plaintiff applied to the Commission on August 15, 1995 CT Page 13302 for a cafe liquor permit for premises located at 58 Rockwell Avenue, New Britain, Connecticut. The subject premises had been the site of an unrelated bar which had been the subject of numerous community complaints related to the bar's operations.
A remonstrance to plaintiff's application was filed on October 30, 1995, pursuant to General Statutes § 30-39(c).[1]
The Commission also received eighteen protest letters related to plaintiff's application.
The Commission on July 8, 1996, issued a notice of hearing, pursuant to § 30-43. The notice advised the plaintiff that he would "be required to furnish facts and evidence in support of the application relative to suitability of person and place." In addition, questions were noted with respect to five issues including "Issue #1: Remonstrance; Issue #2: Suitability of Premises." (R. #4.)
Hearings were held on July 25, 1996, and October 31, 1996. The Commission issued its decision on January 23, 1997. This appeal was timely filed on March 4, 1997. The Record was filed on April 18, 1997. Briefs were filed by the plaintiff on June 6, 1997, and the defendant Commission on June 26, 1997. The parties were heard at oral argument on December 2, 1997.
In its decision, the Commission denied plaintiff's permit application. The pertinent portion of the ruling found and held:
 The Commission will direct its inquiry to whether this permit application should be denied as unsuitable in view of our discretion pursuant to Section 30-46 (a)(1) or (3) of the Connecticut General Statutes. We turn first to the issue of reviewing whether other liquor permits exist in the locality. There are two like permit premises which allow on-premises consumption of alcoholic liquor, McCabe's Lido Cafe and Criollisimo Restaurant, in the immediate vicinity of the proposed establishment. Other outlets are in close proximity according to Commission records.
 In order to reach a conclusion as to whether the granting of this permit would be detrimental to the public interest, we may consider the qualities of the town and immediate neighborhood CT Page 13303 concerned, as set forth in Section 30-46 (a) of the Connecticut General Statutes. Williams v. Liquor Control Commission, 175 Conn. 409, 399 A.2d 834
(1978); Campisi v. Liquor Control Commission, 175 Conn. 295, 397 A.2d 1365 (1978).
 Based upon the evidence adduced at the hearing, the following facts are found with respect to the immediate neighborhood: the proposed premises is in the heart of a residential neighborhood that is struggling to revitalize and improve its quality of life; there are several churches and two parochial schools, including St. Matthew's, First Lutheran, St. Peters, St. John's Lutheran, and Arco de Regio Pentecostal; there is a methadone clinic, Salvation Army, and senior citizen housing, as well as child daycare centers; and both the hearing and the permit records of the Commission, of which the Commission takes notice, reveal there are liquor outlets within close proximity to the proposed establishment.
 The determination of what constitutes too many permits in certain localities or neighborhoods is a question of fact for this Commission. Campisi, supra. Furthermore, in view of the danger to public health and welfare inherent in liquor traffic, the police power to regulate the liquor trade runs broad and deep, more so than comparable regulatory powers over other activities. Williams, supra at 411; Viola v. Liquor Control Commission, 158 Conn. 359, 362, 260 A.2d 585 (1969).
 We have broad discretion in determining the suitability of a premises for a liquor establishment. Based upon the facts of this case, it is the considered judgment of the Commission that the addition of one more full-service cafe, in light of the character of this neighborhood, is not in the public interest and would have a detrimental effect. In view of the substantial evidence adduced as to the nature of the immediate neighborhood, we are concerned that the public interest would be adversely affected by the CT Page 13304 addition of a new cafe facility. Given the circumstances surrounding this particular location, we believe that the saturation point has already been reached with the existing establishments. Biz v. Liquor Control Commission, 133 Conn. 556, 562-3, 53 A.2d 655
(1947).
 Accordingly, we hereby find the proposed premises to be unsuitable and deny the pending application for a cafe permit.
In his brief the plaintiff raises two issues:
 I. Did the liquor control commission commit error by denying the application for a permit under section 30-46 (a)(1) and/or 30-46 (a)(3) of the Connecticut General Statutes when at no time prior to the issuance of the decision the liquor control commission had given notice to the applicant that it was evaluating the application under the standards embodied in section 30-46 (a)(1) and/or 30-46 (a)(3)?
 II. Assuming arguendo that some how the liquor control commission had previously given notice to the applicant that it would evaluate the application under the standard embodied in section 30-46 (a)(1) and/or 30-46 (a)(3) did the liquor control commission commit error by imperfectly executing the statutory mandate set forth in section 30-46 (a)(1) and (a)(3) of the Connecticut General Statutes?
The notice issue claims that the notice of hearing did not advise plaintiff that his application would be measured by the standards of General Statutes §§ 30-46 (a)(1) and (3).
The July 8 notice referred to his obligation to furnish facts and evidence in support of his application relative to suitability of . . . place as provided by Chapter 545. Section 30-46 is included within Chapter 545. The notice further identifies "Remonstrance" and "Suitability of Premises" as specific issues. General Statutes § 30-39 (c) provides for a remonstrance objecting to the suitability of the applicant CT Page 13305 or proposed place of business.
The Remonstrance and written objections which are contained in the Record, include references to the proximity of the premises to churches, schools and charitable institutions.[2]
Plaintiff would be clearly on notice that objections had been made not only about past operations at the site, but that objection existed because of the proximity of schools, churches and charitable institutions. Objections had also been raised concerning the addition of a third bar to the existing two licensed premises in the immediate area.
Plaintiff is correct that the bulk of the testimony related to the operations of the former bar on the premises and a zoning issue. However, the criteria of § 30-46 (a) (1) and (3) were also mentioned.
The plaintiff cites early cases for the restricted meaning he wishes to give to the term "suitability of premises," Murphyv. Bergin, 118 Conn. 249 (1934); Hopson's Appeal fromCounty Commissioner's, 65 Conn. 140 (1894); Malmo'sAppeal, 72 Conn. 1 (1899). However, the weight of authority is that suitability of the premises encompasses its location in a neighborhood as well as it's physical structure. Campisiv. Liquor Control Commission, 175 Conn. 295 (1978);Gulia v. Liquor Control Commission, 164 Conn. 537
(1973); Aminti v. Liquor Control Commission,144 Conn. 550 (1957); Garavel v. Liquor Control Commission,135 Conn. 713 (1949); and Crescimanni v. Liquor ControlCommission, 41 Conn. App. 83 (1996).
The plaintiff received sufficient notice as to the issues of the suitability of the premises with respect to its location (proximity to churches, schools, charitable institutions and other licensed premises).
The plaintiff's second argument is that the decision lacks factual findings under the separate subsections of § 30-46.[3]
The answer to plaintiff's claim is found in the decision which includes the following: "there are several churches and two parochial schools, including St. Matthew's, First Lutheran, St. Peter's, St. John's Lutheran and Arco de Regio Pentecostal; there is a methadone clinic, Salvation Army, and senior citizen housing, as well as child daycare centers . . . there are liquor CT Page 13306 outlets within close proximity of the premises."
The Commission then makes the logical and reasonable conclusion: "Based upon the facts of this case, it is the considered judgment of the Commission that the addition of one more full-service cafe, in light of the character of this neighborhood, is not in the public interest and would have a detrimental effect."
"Judicial review of an administrative agency decision requires a court to determine weather there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact." (Citations and internal quotation marks.) Dolgnerv. Alander, 237 Conn. 272, 280 (1996).
"The substantial evidence rule governs judicial review of administrative fact-finding under the UAPA. General Statutes § 4-183 (j) (5) and (6). An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. The substantial evidence rule imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action." (Citations and internal quotation marks omitted; footnote omitted.)Dolgner v. Alander, supra, 237 Conn. 281. Substantial evidence "is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (Citations and internal quotation marks omitted.) Id. The decision of the Commission is amply supported by the evidence in the Record.
Plaintiff has no property right at issue in that the case deals with the denial of an application for a liquor permit,All Brand Importers v. Dept. of Liquor Control,213 Conn. 184, 198 (1989). Plaintiff was entitled to and received fundamental fairness in the administrative proceedings.Grimes v. Conservation Commission, 243 Conn. 266, 273
(1997). CT Page 13307
The appeal is dismissed.
Robert F. McWeeny, J.