[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The record reveals that on or about August 25, 1993, the plaintiff, Helene George, offered the Administrator a re-payment of $350.00 for an overpayment of unemployment compensation benefits that she received. On February 23, 1994, the Administrator sent a predetermination hearing request to the plaintiff indicating that she was overpaid unemployment compensation benefits in the amount of $1,584.00, and that there was a balance still due and owing in the amount of $1,134.00. The letter also advised the plaintiff that failure to request a hearing within 14 days would likely result in the imposition of a 16 week administrative penalty, which is a forfeiture of future unemployment compensation benefits. The plaintiff did not file an appeal and on April 15, 1994, the Administrator issued a decision that the Plaintiff owed the sum of $1,134.00, and further imposed CT Page 10838 a sixteen week administrative penalty to be assessed against her account.
On or about September 15, 1995, the plaintiff applied for unemployment benefits, which were denied for the sixteen week administrative penalty, originally imposed on April 15, 1994. On September 21, 1995, the plaintiff filed an appeal to the Referee, claiming that she had never received the April 15, 1994 decision, which imposed the sixteen week administrative penalty.
On October 23, 1995, the plaintiff was given a hearing before Referee Frederick Billings, pursuant to Conn. Gen. Stat. Sec.31-273(b)(3). As a preliminary matter, the Referee found that the Plaintiff had good cause for not filing a timely appeal, based upon her testimony that she had not received the Administrator's decision assessing the penalty. The Referee went on to make the following findings:
 1. The Administrator notified the claimant (plaintiff) on April 15, 1994, that she was overpaid in the amount of $1,584.00, and was assessed a 16 week administrative penalty, and the claimant (plaintiff) appealed on September 20, 1995.
 2. The claimant (plaintiff) did not receive the Administrator's overpayment letter, although it was correctly addressed to her residence.
 3. On August 25, 1993, the claimant (plaintiff) offered the Administrator a payment of $350.00, stating she believed that she had been overpaid the sum of $1,408.00.
 4. The claimant (plaintiff) continued to make payments to the Administrator, reducing her overpayment balance to $890.00, and her 16 week administrative penalty balance to 14 by the time of the Referee's hearing on October 23, 1995.
 5. The claimant (plaintiff) became overpaid when she decided not to reveal her earnings to the Administrator when filing for unemployment compensation benefits, because she was working on a day-to-day basis as a probationary employee for Gentile and Chiota, Attorneys, and she might be released from this employment during her probationary term.
 6. When filing for unemployment compensation benefits for the CT Page 10839 week ending March 13, 1993, the claimant (plaintiff) notified the Administrator, that she was commencing employment for Attorney John Dilman of Chiota and Gentile on March 15, 1993.
 7. At the request of the Administrator for verification of earnings, the Gentile Chiota Law Office verified on September 27, 1993, that the claimant (plaintiff) had commenced employment with their firm on January 11, 1993, and was still employed there.
The Referee determined that "the main issue raised by the appeal is whether the claimant (plaintiff) became knowingly overpaid." Conn. Gen. Stat. Sec. 31-273(b)(2) provides that any person who has knowingly made a false statement or representation, or has knowingly failed to disclose a material fact, in order to obtain benefits or to increase the amount of benefits shall forfeit benefits for weeks she would otherwise would have been eligible to receive benefits.
The Referee also found that the plaintiff knowingly failed to disclose on her weekly unemployment claims for benefits forms, that she was working for Gentile and Chiota for nine weeks from January 11, 1993 through March 13, 1993. By way of a letter dated August 25, 1993, the plaintiff (claimant) had notified the Administrator, admitting that she had been employed "on a probationary basis in the months of mid-January to mid-March, 1993 because she did not have legal secretarial experience." She went on to state that a decision to hire her on a full-time permanent basis was not made until late March, 1993, at which time she notified the Administrator that she was employed. At that time her benefits stopped.
Pursuant to Conn. State Agency Regulations Sec. 31-273-6, when the Administrator determines that a person knowingly failed to disclose a material fact in order to obtain benefits, the Administrator shall apply the Administrative Penalty Table to determine the amount of penalty of future benefits to be forfeited. The plaintiff did not dispute that she failed to report her earnings from Gentile and Chiota while collecting unemployment compensation benefits or the amount of the overpayment. She contested only the assessment of a sixteen week administrative penalty. Conn. State Agency Regulations Sec.31-273-6 which contains the Administrative Penalty table sets forth that the number of weeks to be assessed for the overpayment sum of $1,584.00 is sixteen. This is in addition to the repayment of the overpayment of $1,584.00. The Referee determined that the CT Page 10840 Administrator had, therefore, imposed the correct assessment of penalty weeks pursuant to the above cited regulation.
Pursuant to Conn. Gen. Stat. Sec. 31-273(b)(3):
 The Referee may reverse the decision or modify the penalty fixed by the Administrator . . . if he finds that upon the entire record before him, including such further testimony, the decision of the Administrator . . . is unreasonable, arbitrary or capricious, otherwise he shall affirm such decision and penalty.
The Referee found that the decision by the Administrator to assess 16 penalty weeks was not unreasonable, arbitrary or capricious, and affirmed the administrator's decision.
The Plaintiff (claimant) appealed the referee's decision to the Board of Review, pursuant to Conn. Gen. Stat. Secs.31-273(b)(3); 31-249. The Board of Review, reviewed the record, including the transcript of the hearing before the Referee, and adopted the Referee's findings of fact and decision as its own.(Record 16) The date of the Board of Review's decision was February 7, 1996. Those findings of fact are the findings of subordinate fact of the Board of Review. The Board of review affirmed the decision of the Referee, and this appeal to the Superior Court was filed by the plaintiff (claimant). A hearing was held in the Superior Court at Bridgeport, on May 29, 1998, wherein the plaintiff (claimant) appeared pro se and argued her position to the Court. The defendant Administrator and the defendant's counsel did not appear to present argument, and informed the Court, by telephone that the administrator would rely upon the Record of the Board of Review that was filed pursuant to Connecticut Practice Book Section 511A, which has since been renumbered as Section 22-1 in the 1998 Revision of the Connecticut Practice Book. The Court at said hearing found that the plaintiff (claimant) was an aggrieved party by virtue of her legal interest in the benefits denied to her by the assessment of penalty weeks against her future unemployment benefits, and by virtue of her obligation to repay the overpayment sum of $1,584.00.
The period of reserved decision commenced on May 29, 1998.
 I
CT Page 10841
Jurisdiction of the Superior Court to hear this appeal regarding overpayment of unemployment benefits and the assessment of penalties is conferred by Conn. Gen. Stat. Section 31-249b, Conn. Gen. Stat. Sec. 31-273(b)(3) and Connecticut Practice Book Sections 511A through Section 519[1]. Conn. Practice Book Section 519 provides in relevant part:
 (a) Such appeals are by the court upon a certified copy of the record filed by the board. The court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purposes of determining whether the findings should be corrected or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses.
In an administrative appeal, a court may not perform administrative or non-judicial functions, but must merely review the administrative proceedings to determine whether the action appealed from was legal. Connecticut Television, Inc. v. PublicUtilities Commission, 159 Conn. 317, 329 (1970); Ierardi v.Commission on Human Rights and Opportunities, 15 Conn. App. 569,584 (1988). The weight of the evidence, as well as, matters of credibility, are within the province of the agency. Leib v. Boardof Examiners for Nursing, 177 Conn. 78, 86 (1979); Johnson v.Administrator, 3 Conn. App. 264, 267 (1985). Thus, judicial review of the action or decision of an administrative agency is, absent an allegation of procedural irregularities not shown in the record, limited to the record. Accordingly, the court cannot hear evidence. Neri v. Powers, 3 Conn. App. 531, 537 (1985). The Superior Court does not retry the facts or hear evidence, but rather, sits as an appellate court to review the record certified and filed by the Board of Review. United Parcel Service, Inc. v.Administrator, 209 Conn. 381, 385 (1988). The function of the court in reviewing an agency's action is not to reach its own conclusions upon the subordinate facts, but only to determine whether the conclusion of the agency on such facts is unreasonable or illogical. Campisi v. Liquor Control Commission, 175 Conn. 295,296 (1978).
The courts are bound by the findings of subordinate facts and reasonable factual conclusions of the Board. Guevara v.Administrator, 172 Conn. 492, 495 (1977); Bartlett v.Administrator, 142 Conn. 497, 505 (1955); Finkenstein v.CT Page 10842Administrator, 192 Conn. 104, 113 (1984); Burnham v.Administrator, 184 Conn. 317, 321 (1981). The court is limited to determining on the record, whether there is a logical and rational basis for the decision of the Board, or whether in light of the evidence, the Board has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. Calnan v. Administrator,43 Conn. App. 779, 785 (1996).
 II
Having stated the scope of the court's authority to review the decision of the Board of Review, in the previous section, this Court must now consider whether there was any evidence in support of the conclusions reached by the Board of Review. The plaintiff (claimant) has admitted that she received unemployment benefits for the period of January 11, 1993 through March 19, 1993, when at that time she was employed by Gentile and Chiota, Attorneys at Law, as a probationary legal secretary. She notified the Administrator, subsequent to that date, that she commenced employment with Gentile and Chiota March 15, 1993. This fraudulent failure to to report her income during a period when she collected unemployment compensation benefits led the Administrator to rule that the plaintiff (claimant) must repay the overpayment sum of $1,584.00 plus an forfeit sixteen weeks of future unemployment benefits as an administrative penalty. This decision was upheld by the Appeals Referee and the Board of Review.
The plaintiff (claimant) contends that the sixteen week penalty was "grandiose" because she brought the overpayment to the Administrator's attention, and voluntarily began repaying the overpayment. The plaintiff did not file a motion to correct pursuant to Conn. Practice Book Sec. 515A[2], to contest the Board's findings. This Court is bound by the findings of subordinate fact and reasonable factual conclusions of the Board.Finkenstein v. Administrator, 192 Conn. 104, 113 (1984).
The plaintiff (claimant) argues that there was no fraud and that the Administrator should have waived the repayment of the overpaid funds as they were not the result of fraud, wilful misrepresentation or wilful non-disclosure, pursuant to theRegulations written by the Commissioner of UnemploymentCompensation, Section 31-273-3(a) and 31-273-4(a). The Board of Review rejected this argument when it found the facts did constitute a fraudulent failure to report income to the plaintiff CT Page 10843 by virtue of her employment at the time she was collecting unemployment compensation benefits. Thus, the Administrator, through the appeals Referee and the Board of Review assessed a sixteen week penalty against future benefits that may become due the plaintiff. The sixteen week penalty was computed by applyingConnecticut Agencies Regulations, Section 31-273-6 and theAdministrative Penalty Table. The lesser penalty to be imposed from the Administrative Penalty Table was a forfeiture of sixteen weeks of benefits and repayment of the sum of $1,584.00 representing the original amount of the overpayment. TheRegulation does not provide for any waiver of these penalties.
The Board of Review reasonably concluded that the plaintiff (claimant) fraudulently filed for unemployment compensation benefits. The factual and legal conclusions that are reasonably based on the Board's findings of subordinate facts are binding on this Court.
Therefore, the Board of Review's decision, dated February 7, 1996 is hereby upheld, and accordingly the plaintiff's appeal isdismissed.
The Court
Arnold, J.