Wayne Thomas et al. *v.* Town of Lisbon et al.
(13421)

Peters, C. J., Healey, Shea, Glass and Covello, Js.

Argued October 13—decision released December 6, 1988

*Frank A. May,* with whom, on the brief, was *Maria Yocono,* for the appellants (named defendant et al.).

*Richard Bartlett,* with whom was *Marc Mandell,* for the appellee (defendant City of Norwich).

Covello, J. This is an appeal from a decision of the compensation review division affirming an order by the workers' compensation commissioner requiring the town of Lisbon to pay workers' compensation benefits

to two Lisbon volunteer fire fighters.[1] The town of Lisbon and its carrier, Peerless Insurance Company, appealed the compensation review division's decision to the Appellate Court. On April 22, 1988, the Supreme Court transferred the case to itself pursuant to Practice Book § 4023.

The sole issue presented in this appeal is which of two statutes involving compensation benefits for volunteer fire fighters applies to the facts of this case. The parties agree that if General Statutes § 7-314a[2] is controlling, then the city of Norwich is responsible for the payments in issue, and if General Statutes § 7-322a[3]

---

[1] The respondents, the town of Lisbon and Peerless Insurance Company, have been paying benefits to the claimants at the request of the workers' compensation commissioner of the second district. These payments have been made under protest.

[2] General Statutes § 7-314a provides: "DEATH, DISABILITY AND INJURY BENEFITS. PRESUMPTION. (a) Active members of volunteer fire departments shall be construed to be employees of the municipality for the benefit of which volunteer fire services are rendered while in training or engaged in volunteer fire duty and shall be subject to the jurisdiction of the workers' compensation commission and shall be compensated in accordance with the provisions of chapter 568 for death, disability or injury incurred while in training for or engaged in volunteer fire duty.

"(b) For the purpose of this section, the average weekly wage of a volunteer fireman shall be construed to be the average production wage in the state as determined by the labor commissioner under the provisions of section 31-309.

"(c) For the purpose of this section, there shall be no prorating of compensation benefits because of other employment by a volunteer fireman.

"(d) For the purpose of adjudication of claims for the payment of benefits under the provisions of chapter 568, any condition of impairment of health occurring to an active member of a volunteer fire department while such member is in training for or engaged in volunteer fire duty, caused by hypertension or heart disease resulting in death or temporary or permanent total or partial disability, shall be presumed to have been suffered in the line of duty and within the scope of his employment, provided such member had previously successfully passed a physical examination by a licensed physician appointed by such department which examination failed to reveal any evidence of such condition."

[3] General Statutes § 7-322a provides: "BENEFITS FOR VOLUNTEERS RENDERING SERVICE TO ANOTHER FIRE COMPANY. Any active member of a volunteer fire company who offers his services to an officer or person in charge

is controlling, the town of Lisbon is responsible. We conclude that § 7-314a is controlling under the facts of this case and find the city of Norwich liable.

The operative facts are not in dispute. The claimants, Wayne Thomas and William Atterbury, were members of the Lisbon volunteer fire department. That department entered into a mutual aid agreement with the Norwich fire department whereby Lisbon fire fighters would come to the aid of the Norwich fire department in an emergency and Norwich fire fighters would reciprocate in Lisbon when needed. On June 25, 1983, a fire occurred in the Taftville section of Norwich. Because the town of Lisbon had pumping equipment specially suited to fight the fire, Taftville fire officials, using a citizens band radio, requested the aid of Lisbon volunteer fire fighters. The claimants arrived at the scene together. Atterbury spoke with the chief of the Lisbon fire department. The chief told Atterbury to proceed to a nearby fire hydrant to prepare for refilling the Lisbon tanker trucks as they became empty. On the way to the hydrant, the claimants were injured in a motor vehicle accident.

Both parties agree that the claimants were injured and both agree that the claimants are entitled to workers' compensation benefits. The parties disagree, however, as to which town is liable for the payment of that compensation.

The appellee, the city of Norwich, argues that § 7-322a mandates that the appellant, the town of Lisbon, pay the required workers' compensation benefits. We disagree. Section 7-322a provides: "Any active member

---

of another fire company which is actively engaged in fire duties, and whose services are accepted by such officer or person, shall be entitled to receive all benefits payable under the provisions of sections 7-314 and 7-314a. Such payments shall be made by the municipality in which the fire company of which such a fireman is a member is located."

of a volunteer fire company who offers his services to an officer or person in charge of another fire company which is actively engaged in fire duties, and whose services are accepted by such officer or person, shall be entitled to receive all benefits payable under the provisions of sections 7-314 and 7-314a. Such payments shall be made by the municipality in which the fire company of which such a fireman is a member is located." This provision contemplates a situation where an individual fire fighter offers his or her personal services to another fire department, which thereafter accepts the offer of services. The legislative history of the act demonstrates this to be the case. It is a tenet of statutory construction that we may refer to the legislative history of an act to determine the purpose for its enactment; *Flanagan Ambulance Service, Inc.* v. *Public Utilities Commission,* 161 Conn. 215, 217, 286 A.2d 315 (1971); *Biz* v. *Liquor Control Commission,* 133 Conn. 556, 559, 53 A.2d 655 (1947); and, in this case, to ascertain the applicability of § 7-322a to this particular instance. The legislative history reveals that this provision "cover[s] the situation where a volunteer fireman comes upon a conflagration outside his town and offers his services." 11 H.R. Proc., Pt. 6, 1965 Sess., p. 2723.[4] Furthermore, Senator Louis I. Gladstone

---

[4] Howard Reynolds, one of the drafters of the statute and the legislative chairperson for the Connecticut Fire Chiefs Association, explained: "Speaking first on H.B. 3178, which is a companion bill of S.B. 822—this provides protection for volunteer firemen who offer their services to a municipality. It has been mentioned here before, the volunteers being the dedicated people that they are, if they happen to be traveling in another town during the day . . . where a major fire is in progress, they are quite apt to want to get involved in the way of helping out the local department. At present time, if they were to be injured while they were doing this, we could not extend any insurance coverage to them, and the purpose of this bill is to correct that situation. We have been very careful in the wording of this bill, as you will notice, wherein we say that 'the man must offer his services to the officer or person in charge of a fire company actively engaged in fire duty at the time, and his services are accepted by the said officer in charge.' " Conn. Joint Standing Committee Hearings, General Law, Pt. 1, 1965 Sess., p. 159.

noted that this provision covers any volunteer fire fighter "who renders service to a fire company; and whose services are accepted [by] the officer in charge . . . ." 11 S. Proc., Pt. 5, 1965 Sess., pp. 1678–79.

General Statutes § 7-322a, as contemplated by the legislature, is inapplicable in this situation. Atterbury spoke only to the chief of the Lisbon fire department and never offered his services to anyone from the Norwich fire department. Furthermore, Thomas never offered his services to anyone. Since neither man spoke with anyone from Norwich their services were, obviously, never accepted by Norwich, as required by the statute. Absent the specific factual circumstance articulated in § 7-322a, we agree with the town of Lisbon that § 7-314a is controlling and, therefore, the city of Norwich is responsible for the compensation payments in issue.

Section § 7-314a provides in relevant part: "(a) Active members of volunteer fire departments shall be construed to be employees of the municipality for the benefit of which volunteer fire services are rendered . . . ." This statute allows volunteer fire fighters to receive workers' compensation benefits as if they were employees of the municipality that benefited from their services. While it is arguable that the injured fire fighters benefitted the town of Lisbon by serving as volunteer fire fighters of that town and working in a mutual aid exchange with another town, it is evident that the volunteer fire services in this instance were rendered for the benefit of Norwich. Furthermore, whereas § 7-322a speaks to individuals, § 7-314a speaks to the conduct of towns. That is exactly the situation before us. The town of Lisbon's fire department responded to Norwich's call for help, it was not just the individual claimants who responded. Therefore, § 7-314a is applicable and the city of Norwich is liable for the compensation benefits due the claimants.

There is error, the judgment is set aside and the case remanded with direction to render judgment that the city of Norwich is liable for the claimants' workers' compensation benefits.

In this opinion the other justices concurred.