[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE SPECIAL DEFENSES (#108)
This is plaintiff New Canaan Police ("New Canaan Police") Local 1575's motion to strike defendant R.G. LaPenta Associates, Inc.'s special defenses in a contract and collection dispute. A copy of the contract was attached to the complaint.
The alleged facts are as follows: On January 12, 1988, plaintiff contracted with defendant to publish and sell advertising in a magazine titled "New Canaan Police Union Magazine." The contract was for a period of one year, renewable automatically under the same terms unless either party notified the other of nonrenewal. The contract also guaranteed a minimum payment of $21,000 per year to the plaintiff, or 33 1/3 percent of the gross advertising revenue, whichever is greater. In the fall of 1989, the defendant solicited advertising; gross revenue was $26,550 of which one third, or $8,761.50 was paid to the plaintiff. Plaintiff made demand for $12,238.50 which represents the difference between $21,000 and the amount received.
The defendant raised three special defenses and a counterclaim. CT Page 6065
 a. First special defense recites a portion of the contract relating to the automatic renewal of the contract and alleges that plaintiff "refused to permit the defendant to start the sales of advertising at the time called for in the contract."
 b. The second special defense alleges that the plaintiff was in violation of the terms of the renewal contract in that it failed to file required solicitation forms, began a rival solicitation, and prevented defendant from beginning solicitation at the time agreed upon as part of the contract.
 c. The third special defense alleges misrepresentations of fact by the plaintiff to induce defendant to conduct further advertising sales, specifically:
 (1) that the new sales effort would begin six months after the "PBA" solicitation;
 (2) that the PBA began a solicitation which was not registered with the State of Connecticut;
 (3) that the plaintiff, New Canaan Police Union and the "PBA", have identical members and officers;
 (4) that the plaintiff prevented the defendant from beginning its solicitation pursuant to mutually agreed upon new conditions.
The plaintiff now moves to strike the defendant's special defenses on the grounds that the special defenses fail to state facts that relate to the allegations set forth in the complaint and that the special defenses do no show that the plaintiff's statement of facts are false and that it has no cause of action.
The defendant objects to the plaintiff's motion and both parties have submitted memoranda of law.
The motion to strike contests the legal sufficiency of the special defenses. Conn. Practice Bk. 152(5) (1990). The motion to strike admits all facts well pleaded; it does not admit legal conclusions. Mingachos v. CBS, Inc., 196 Conn. 91,108 (1985). The plaintiff must allege some recognizable cause of action in his complaint. Robert S. Weiss Associates v. Wiederlight, 208 Conn. 525, 535 n. 5 (1988). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint, Gordon v. Bridgeport Housing Authority, 208 Conn. 161, CT Page 6066 170 (1988), and must construe those facts in the manner most favorable to the pleader. Rowe v. Godou, 209 Conn. 272,278 (1988).
Facts necessarily implied and fairly provable are included. Norwich v. Silverberg, 200 Conn. 367, 370 (1986). In ruling on a motion to strike, the court is limited to the grounds raised in the motion. Blancato v. Feldspar Corporation,203 Conn. 34, 44 (1987).
The purpose of a special defense is to plead facts which are consistent with the allegations of the complaint but show, notwithstanding, that the plaintiff has no cause of action Conn. Practice Bk. 164 (1990); Commissioner of Environmental Protection v. National Con. Corporation, 5 CSCR 173 (February 9, 1990), Corrigan, J.).
First and Second Special Defenses
The plaintiff argues that the special defenses, as pled, do not destroy the plaintiff's cause of action, and therefore should be stricken.
The defendant argues that its first and second special defenses allege that the plaintiff prevented the defendant from performing its obligations under the contract. The first special defense cited the terms of the contract providing for automatic renewal, and that the plaintiff "neglected and refused to allow the defendant to start the sale of advertising at the time called for in the contract."
It is found that the defendant, in its first special defense, has not stated facts sufficient to sustain a recognizable defense and therefore it should be stricken.
The second special defense states facts alleging plaintiff's failure to file forms and notices required by the State of Connecticut in order to conduct a solicitation, and further alleges that the plaintiff commenced a rival solicitation, preventing the defendant from beginning its solicitation.
The court is of the opinion that even construing the facts most favorably to the pleader, and considering facts necessarily implied, the defendant has failed to allege sufficient facts to plead a recognizable defense. Accordingly, the plaintiff's motion to strike the second special defense should be granted.
Third Special Defense CT Page 6067
Both parties characterize the third special defense as alleging fraud. The plaintiff argues that the defendant has not alleged that the fraud would excuse the defendant's liability under paragraph 7 of the contract.
The defendant argues that his allegations in the third special defense are adequate to maintain a defense of fraud.
The defendant alleged that:
 (1) Material representations were made regarding timing of the defendant's solicitation;
 (2) the plaintiff commenced a rival solicitation and continued to maintain its rival solicitation;
 (3) the plaintiff prevented the defendant from beginning its solicitation pursuant to new agreed upon conditions.
 (4) the plaintiff made material misrepresentations to induce the defendant to conduct further advertising sales and the defendant relied on the misrepresentations.
 Under our common law, a person claiming to be a victim of fraud or misrepresentation had to prove "that a false representation was made as a statement of fact; that it was untrue and was known to be untrue by the party making it; that it was made to induce the other party to act on it; and that he did so to his injury (citations omitted).
Web Press Service Corp. v. New London Motors, Inc., 203 Conn. 342,362 (1987).
The defendant has failed to allege one of the elements of fraud, namely that the plaintiff made a statement of fact "known to be untrue by the party making it." The defendant has failed to allege a fact necessary to maintain the special defense of fraud and accordingly, that special defense, the third, should be stricken.
Accordingly, the defenses are stricken.
JOHN J. P. RYAN, JUDGE.