[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #111
The plaintiff, Unique Dimensions, Inc., has filed an eleven count complaint against the defendants, Ralph Wilson Plastics (RWP) and Connecticut Plywood Corp. (CPC). In its complaint, the plaintiff alleges that RWP was the manufacturer and CPC was the distributor of a contact cement known as "Lockweld 1055/6" which CT Page 6284 the plaintiff used to manufacture counter tops and other products between July of 1988 and February of 1992.
The plaintiff further alleges that, subsequent to the use of this product, its customers began to complain that Lockweld 1055/6 had lost its bond resulting in delamination. Beginning in January of 1992, the plaintiff alleges that it reported such problems to CPC and, in March of 1992, it reported the same to RWP and was advised that the problems were due to improper use of the product. The plaintiff claims that as a result thereof, it has suffered damages associated with the repair and reconstruction of those projects in which Lockweld 1055/6 was used.
Count one of the complaint alleges a cause of action in Breach of Express Warranty pursuant to Conn. Gen. Stat. § 42a-2-313
(U.C.C.), as against CPC. Count two sounds in Breach of Implied Warranty of Merchantability pursuant to Conn. Gen. Stat. § 42a-2-314
(U.C.C.) as against CPC. Count three alleges Breach of Implied Warranty of Fitness for a Particular Purpose pursuant to Conn. Gen. Stat. § 42a-2-315 (U.C.C.) as against CPC.
In count four the plaintiff alleges negligence and fraudulent misrepresentation against CPC. Essentially, the plaintiff alleges that CPC made representation concerning the ability of Lockweld 1055/6 to supply a permanent bond when applied as directed when they knew or should have known that such representations were not true, which representations were relied upon by the plaintiff. Count five alleges fraudulent concealment as against CPC alleging that it fraudulently and negligently failed to disclose the defective nature of the product, and that other customers were experiencing similar problems of delamination in connection with Lockweld 1055/6. Count six alleges a violation of Conn. Gen. Stat. §§ 42-110a, et seq. (CUTPA) as against CPC based upon the allegations set forth in the preceding counts.
Count seven and count eight are both directed to the defendant RWP and alleged Breach of Implied Warranty of Merchantability (U.C.C.) and Breach of Implied Warranty of Fitness for a Particular Purpose (U.C.C.), respectively based upon allegations such as those against CPC. Count nine alleges negligent and fraudulent misrepresentation as against RWP again relating to the ability of Lockweld 1055/6 to supply a permanent bond when applied as directed when it knew or should have known that such representations were not true, which were relied upon by the plaintiff. Count ten alleges fraudulent concealment as against RWP commencing in March CT Page 6285 1992 as to the defective nature of the product and that other customers were experiencing delamination problems. Finally, count eleven claims a violation of Conn. Gen. Stat. §§ 42a-110a, et seq. (CUTPA) as against RWP based upon the foregoing allegations.
The defendants have moved to strike counts three through eleven of the complaint for various reasons. The plaintiff has agreed to stipulate that the defendants' motion may be granted as to counts seven and eight of the complaint. The plaintiff opposes the motion to strike with respect to the remaining counts attacked in the motion to strike.
The defendants have moved to strike count three alleging breach of warranty of fitness for a particular purpose on the ground that the plaintiff has alleged no particular use other than the ordinary use as a contact cement, and thus the U.C.C. warranty of merchantability applies to the exclusion of the U.C.C. warranty of fitness for a particular purpose.
Sec. 42a-2-315 provides:
 Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under section 42a-2-316
an implied warrantee that the goods shall be fit for such purpose.
The plaintiff has alleged in the third count that CPC had reason to know of the particular purpose for which the plaintiff was to use Lockweld 1055/6, and that the plaintiff was relying on its skill and judgment in selecting a suitable product. The plaintiff alleges that Lockweld 1055/6 was a contact cement and that the product was used to manufacture counter tops. The court agrees with the plaintiff that the issue as to whether its use of the product was its "ordinary" use or for a "particular" purpose is a question of fact. The plaintiff has properly set forth those allegations necessary to state a claim of breach of warranty of fitness for a particular purpose. Therefore, as to count three, the motion to strike is denied.
The defendants move to strike counts four and nine (negligent and fraudulent misrepresentation), counts five and ten (fraudulent nondisclosure), and counts six and eleven (CUTPA), on the ground CT Page 6286 that the Uniform Commercial Code (U.C.C.) provides the exclusive remedy for commercial loss as between commercial parties. The plaintiff argues in reply that the counts sounding in tort and CUTPA are more than a "recasting" of the U.C.C. warranty claims and should be allowed to stand. The defendant RWP also moves to strike counts nine, ten and eleven on the grounds that the plaintiff cannot establish the element of reliance upon the alleged misrepresentations essential to stating a valid cause of action.
Sec. 52-572n(c) of the Conn. Gen. Stat. provides:
 As between commercial parties, commercial loss caused by a product is not harm and may not be recovered by a commercial claimant in a product liability claim. An action for commercial loss caused by a product may be brought only under, and shall be governed by, title 42a, the Uniform Commercial Code.
There is no question that this case involves commercial parties and deals with allegations of commercial loss. The defendants, in support of their position, rely to a large extent on the Superior Court case of Flagg Energy Dev. Corp. v. GeneralMotors Corp., 10 Conn. L. Rptr. No. 5, 151 (J. D. Meriden) (1993) (Dorsey, J.) in which the court struck the plaintiff's claims of misrepresentation and violation of CUTPA in connection with the plaintiff's claim that gas turbine engines manufactured by the defendant were defective. In the Flagg case, Judge Dorsey analyzed a number of federal court cases in which it was held that, as between commercial parties, a claim of commercial loss due to an allegedly defective product must be brought pursuant to the provisions of the U.C.C. The defendants argue that the situation in this case is the same as that in Flagg, i.e., the counts of the complaint alleging misrepresentation, fraudulent concealment and CUTPA are no more than a "recasting" of its breach of warranty claims under the U.C.C.
The plaintiff seeks to distinguish Flagg by referring to the allegations of the complaint that the defendants concealed and misrepresented certain facts as to the defective nature of its product and complaints that had been received by other customers.
Having considered the allegations of the complaint, the briefs and arguments of counsel, along with the apparent public policy underlying the statutory scheme relating to claims as to defective products, the court agrees with the defendants that the plaintiff's CT Page 6287 remedies in this action are limited to those afforded by the U.C.C. Certainly the claims of the plaintiff as to the misrepresentation and concealment go beyond what would be necessary to allege loss caused by a defective product under the U.C.C. In the court's opinion, however, such claims are not such that amount to something other than breach of warranty for which the plaintiff has an adequate remedy under the U.C.C. for losses it proves were sustained by virtue of a defective product. Counts four, five, six, nine ten and eleven must be stricken for that reason.
The court recognizes that by striking counts nine, ten and eleven, the plaintiff is left with no claim as against RWP since the plaintiff has agreed that the U.C.C. counts can be stricken based upon the claim of lack of privity. Nevertheless, to hold that such circumstance should allow the assertion of the plaintiff's tort and CUTPA claims would create the anomalous result that the plaintiff would have available to it causes of action against a remote manufacturer which it does not have against the party as to which there is privity of contract.
The defendant RWP also moves to strike counts nine, ten and eleven on the grounds that the counts allege reliance upon misrepresentations made only after the plaintiff had ceased using Lockweld 1055/6 and thus cannot allege and prove detrimental reliance. The plaintiff points to allegations in the counts in which it alleges that misrepresentations were made both before and after it stopped using Lockweld 1055/6. In passing upon a motion to strike, the court must construe the facts in the case most favorable to the nonmovant. Rowe v. Godou, 209 Conn. 272, 278
(1988). In doing so, the court does not believe that this basis asserted by the defendant RWP provides an independent reason for granting the motion as to these counts.
In summary, the motion to strike is denied as to count three and granted as to counts four, five, six, seven, eight, nine, ten and eleven.
Thompson, J.