JACK CRESCIMANNI ET AL. *v.* DEPARTMENT OF LIQUOR CONTROL
(14135)

Dupont, C. J., and Landau and Spear, Js.

84

Argued January 9—officially released April 16, 1996

*Robert W. Werner*, associate attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Michael J. Lanoue* and *Robert F. Vacchelli*, assistant attorneys general, for the appellant (defendant).

*Edward J. Daly, Jr.*, for the appellee (plaintiff).

LANDAU, J. The defendant, the department of liquor control (department),[1] appeals from the judgment of the trial court sustaining the plaintiffs' administrative appeal. The department had denied, pursuant to General Statutes § 30-46 (a) (3),[2] the plaintiffs' application

[1] Although the plaintiffs named the liquor control commission as the defendant, we note that the "liquor control commission" was changed to "department of liquor control" effective July 1, 1980, pursuant to Public Acts 1980, No. 80-482, § 170, now codified at General Statutes § 30-1b. In this appeal, we refer to the defendant as the department of liquor control.

[2] General Statutes § 30-46 provides in relevant part: "(a) The department of liquor control may . . . refuse to grant permits for the sale of alcoholic liquor if it has reasonable cause to believe . . . (3) that the number of permit premises in the locality is such that the granting of a permit is detrimental to public interest, and, in reaching a conclusion in this respect, the department may consider the character of, the population of, the number of like permits and number of all permits existent in, the particular town

for a cafe permit to sell alcoholic liquors in conjunction with exotic dancing entertainment on the ground that it would be detrimental to the public interest. On appeal to this court, the department claims that the trial court improperly concluded that the statute does not authorize it to deny a permit on the basis of public policy considerations that are unrelated to the number of permits already existing in the locale.

The facts are not in dispute. The plaintiffs applied for a cafe permit for the sale of alcoholic beverages. The permit application indicated that the plaintiffs intended to provide several types of live entertainment, including magicians, comedians and exotic dancers. The cafe is located in an area where the zoning regulations allow such establishments. It is in close proximity to the Hartford railroad station, an area where city planners have high expectations for community improvement and growth, particularly with respect to business expansion and tourism.

At the department hearing, the plaintiffs presented evidence that they would comply with all applicable regulations concerning the proposed entertainment. In opposition to the plaintiffs' application, the department considered written statements and testimony from the representatives of several organizations such as the Hartford mayor's office, the Greater Hartford Transit District, and the Greater Hartford Chamber of Commerce.

Following the hearing, the department refused to grant the permit. It concluded that, in light of the plans for substantial renovations in the area, the granting of "this permit with live entertainment of the type proposed by the [plaintiffs] would be detrimental to the

and the immediate neighborhood concerned, the effect which a new permit may have on such town or neighborhood or on like permits existent in such town or neighborhood . . . ."

public interest." The department opined that the opposition evidence was of such a "broad-based nature" that "the opinions set forth therein must be weighed and respected as indicative of what constitutes the public interest." The trial court sustained the plaintiffs' appeal.

In this appeal, the plaintiffs contend, as they did in the Superior Court, that the statute does not authorize the department to deny their application for a permit solely on the basis that the kind of entertainment they proposed would be detrimental to the public interest. They assert that the number of permits already existent in the locale under consideration is a necessary component in the equation. Because exotic dancing is not prohibited by statute or regulation, they argue, the trial court correctly determined that the department abused its discretion when it denied their application without making a finding that their permit, if issued, would result in an excessive number of permits in either the locale or the city of Hartford. We agree.

"The function of the court in reviewing the [department's] denial of a permit . . . is not to reach its own conclusions upon the subordinate facts but only to determine whether the conclusion of the commission on such facts is unreasonable or illogical. *Hoffman* v. *Kelly*, 138 Conn. 614, 617, 88 A.2d 382 [1952]. Courts are bound by the findings of subordinate facts and reasonable conclusions of fact made by an administrative tribunal. The General Assembly, in defining an administrative body's duties, can ordinarily state only general rules for its guidance by defining certain ultimate facts which it must find to exist before taking the prescribed action." *Campisi* v. *Liquor Control Commission*, 175 Conn. 295, 296, 397 A.2d 1365 (1978).

Section § 30-46 (a) (3) provides that the department may " 'refuse to grant permits . . . if it has reasonable cause to believe . . . that the number of permit prem-

ises in the locality is such that the granting of a permit is detrimental to public interest, and, in reaching a conclusion in this respect, the [department] may consider the character of, the population of, the number of like permits and number of all permits existent in, the particular town and the immediate neighborhood concerned, the effect which a new permit may have on such town or neighborhood or on like permits existent in such town or neighborhood.' That provision confers broad discretion upon the [department] to grant or deny permits." *Williams* v. *Liquor Control Commission*, 175 Conn. 409, 411, 399 A.2d 834 (1978).

"In *Biz* v. *Liquor Control Commission*, 133 Conn. 556, 561, 53 A.2d 655 [1947], [our Supreme Court] in considering the provisions of § 30-46 (a) (3) noted that '[a] principle and purpose may be read into the act to prevent the issuance of *too many permits* in certain localities, depending upon the character and number of the population and upon the number of existing permits in the locality. We hold that these are factual matters properly left to the determination of the [department].' The determination of what constitutes too many permits in certain localities . . . is . . . a question of fact, within the discretion of the [department]. Moreover, because of the danger to public health and welfare inherent in liquor traffic, the police power to regulate the liquor trade runs broad and deep, more so than comparable regulatory powers over other activities. *Viola* v. *Liquor Control Commission*, 158 Conn. 359, 362, 260 A.2d 585 [1969]." (Emphasis added.) *Williams* v. *Liquor Control Commission*, supra, 175 Conn. 411–12.

We are cognizant that the legislature, in permitting an administrative agency to take prescribed action, contemplates allowing that agency to draw a line somewhere, and we see nothing arbitrary or illegal in such a ruling as long as it is supported by evidence and the

proper application of the statute to the facts. *Biz* v. *Liquor Control Commission*, supra, 133 Conn. 562. In this case, however, the department drew its line in the absence of any supporting evidence concerning the number of permits existing in the neighborhood or in the city of Hartford. Rather, the record clearly reveals that the department's conclusion that granting the permit would be detrimental to the public interest was made in the absence of any finding of fact as to the number of existing permits.

"Although the construction and interpretation of a statute is a question of law for the courts to decide . . . it is the well established practice of this court to accord great deference to the construction given [a] statute by the agency charged with its enforcement." (Citations omitted; internal quotation marks omitted.) *Starr* v. *Commissioner of Environmental Protection*, 226 Conn. 358, 372, 627 A.2d 1296 (1993). In reviewing the agency's decision, however, " 'the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts.' . . . The trial court, therefore, determines whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citation omitted.) *Acro Technology, Inc.* v. *Administrator, Unemployment Compensation Act*, 25 Conn. App. 130, 134, 593 A.2d 154 (1991).

Despite the absence of any factual findings concerning the number of existing permits, the department argues that its decision necessarily implies a finding that even one permit that allows exotic dancing constitutes an "excessive number" of permits within the meaning of the statute. Whether such a finding could be made without the finding of subsidiary facts is not likely. Furthermore, we will not ordinarily imply a finding of fact because the opportunity to read the collective

mind of the department is fraught with danger. We have consistently declined the invitation to engage in such speculation. See Practice Book § 4061; *Rapaport & Benedict, P.C.* v. *Stamford*, 39 Conn. App. 492, 497, 664 A.2d 1193 (1995).

We agree with the trial court's determination that the department improperly interpreted the provisions of § 30-46 (a) (3). The department failed to consider, as required by that statute, the number of existing permits in the locale before reaching its conclusion that granting the plaintiffs' permit would be detrimental to the public interest. The plain implication of its decision, therefore, is that the plaintiffs' application would have been granted but for the type of entertainment they planned to offer. Because exotic dancing is not prohibited by any statute or regulation and because the statute requires, as a matter of law, that in reaching the conclusion that the granting of a permit is detrimental the department should consider the factors enumerated in § 30-46, the trial court properly sustained the plaintiffs' appeal.

The judgment is affirmed.

In this opinion the other judges concurred.